Matter of Preserve BAMS Historic Dist. Inc. v Landmarks Preserv. Commn. of the City of N.Y. (2023 NY Slip Op 03208)

Matter of Preserve BAMS Historic Dist. Inc. v Landmarks Preserv. Commn. of the City of N.Y.

2023 NY Slip Op 03208

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 160481/20 Appeal No. 440 Case No. 2022-01391 

[*1]In the Matter of Preserve BAMS Historic District Inc., et al., Petitioners-Appellants,
v
Landmarks Preservation Commission of the City of New York, Respondent-Respondent, 130 St. Felix Street, LLC, Intervenor-Respondent-Respondent.

Michael S. Gruen, New York, for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for Landmarks Preservation Commission of the City of New York, respondent.
Fried, Frank, Harris, Shriver & Jacobson, LLP, New York (Janice Mac Avoy of counsel), for 130 St. Felix Street, LLC, respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen Rakower, J.), entered October 26, 2021, denying, as premature, the petition challenging an August 4, 2020 vote by respondent New York City Landmarks Preservation Commission to conditionally approve an application by intervenor-respondent for a certificate of appropriateness, and granting respondents' motions to deny the petition and dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly dismissed the petition on the ground that the challenged Commission vote was not a final agency action (CPLR 7801 [1]; see Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 98 [2016]). The Commission voted to grant preliminary approval for development of a building in the Brooklyn Academy of Music Historic District under certain conditions requiring, among other things, that the developer work with the Commission's staff. As petitioners concede, the agency did not issue a final certificate of appropriateness (see Matter of Committee to Save Beacon Theater v City of New York, 146 AD2d 397, 403 [1st Dept 1989] ["[I]n the absence of the issuance of a certificate of appropriateness, finality is lacking"]). Here, as in Committee to Save Beacon Theater, satisfaction of the Commission's conditions may require further negotiations with the Commission or its staff, and "such further negotiable steps undermine the finality of the [vote]" (id. at 404). Petitioners have not suffered a cognizable injury since work on the project cannot begin until issuance of the certificate of appropriateness (id.). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023